**IN THE UNITED STATES DISTRICT COURT**
**FOR THE NORTHERN DISTRICT OF GEORGIA**
**ATLANTA DIVISION**

| | |
|---|---|
| AUTO-OWNERS INSURANCE COMPANY, ) | |
| ) | |
| Plaintiff, ) | Civil Action File No.: |
| ) | _____ |
| v. ) | |
| ) | |
| AM PM PARTNERS, LLC, GULFLET ) | |
| WOODRIDGE, LLC, RICKIE WESTON, and ) | |
| EBONY CROCKTON, both individually and ) | |
| as legal guardian and next friend of D.R., ) | |
| ) | |
| Defendants. ) | |

**COMPLAINT FOR DECLARATORY JUDGMENT**

Auto-Owners Insurance Company ("Auto-Owners" or "Plaintiff") files this

Complaint for Declaratory Judgment, respectfully showing this Court as follows:

**SUMMARY OF ACTION**

1.

This Declaratory Judgment Action arises out of claims for damages made by

Ebony Crockton and Rickie Weston (collectively, the "Underlying Plaintiffs"),

including on behalf of minor child "D.R.," in connection with injuries allegedly

suffered as a consequence of the collapse of a walkway platform (the "Incident") at

an apartment complex (the "Property") formerly owned by Gulflet Woodridge, LLC

("Gulflet") and managed by AM PM Partners, LLC ("AM PM Partners") located at

2567 Whites Mills Road, Decatur, Georgia.

2.

On February 17, 2021, the Underlying Plaintiffs filed suit against Gulflet and

AM PM Partners in the State Court of DeKalb County, Georgia in a lawsuit styled

*Rickie Weston, et al. v. Gulflet Woodridge, LLC, et al.*, Civil Action File No.

21A00828 (the "Underlying Action").  A true and correct copy of the Complaint in

the Underlying Action is attached hereto as Exhibit "A."

3.

Owners is currently defending AM PM Partners and Gulflet in the Underlying

Action pursuant to a complete reservation of rights, notwithstanding defenses to

coverage.

4.

On March 27, 2024, the Underlying Plaintiffs filed a Motion to Compel and

for Sanctions as to Gulflet and AM PM Partners, arguing that both entities had

improperly deleted emails requested by Plaintiffs through discovery, and that the

conduct of both Gulflet and AM PM Partners justified an order establishing a

rebuttable presumption that the evidence would have been harmful to the defense.

5.

Thereafter, on July 17, 2024, the State Court of DeKalb County entered a

sanctions order in the Underlying Action (the "Sanctions Order") in connection with

AM PM's failure to preserve relevant evidence notwithstanding knowledge of its

duty to preserve such evidence. The Sanctions Order requires the jury to be charged at the trial of the Underlying Action that AM PM's spoliation creates a rebuttable presumption that the evidence would have been harmful to AM PM, including as to the question of AM PM's knowledge of the condition of the Property prior to the subject incident. A true and correct copy of the Sanctions Order is attached hereto as Exhibit "B."

6.

Defense counsel retained by Auto-Owners pursuant to a complete reservation of rights to defend AM PM Partners and Gulflet had requested and sought to produce the documents improperly withheld, and was unable to do so solely as a consequence of the conduct of AM PM Partners and/or Gulflet.

7.

Auto-Owners contends that the conduct of AM PM and of Gulflet culminating in entry of the Sanctions Order violates the cooperation provisions of and bars coverage under the relevant insurance contract, Tailored Protection Insurance Policy no. 202318-35800495-20 issued to Gulflet for the policy period April 18, 2020 to April 18, 2021 (the "Tailored Protection Policy"). A true and correct copy of the Tailored Protection Policy is attached hereto as Exhibit "C."

## PARTIES, JURISDICTION AND VENUE

8.

Plaintiff Auto-Owners Insurance Company is a Michigan Corporation with its principal place of business in Lansing, Michigan, and thus a citizen of Michigan.

9.

Defendant AM PM Partners, LLC is a Georgia limited liability company with its principal place of business in Atlanta, Georgia.  Upon information and belief, AM PM's sole member is Gulflet Properties, LLC, a Florida LLC with its principal place of business in Sunny Isles Beach, Florida, and whose sole member is Michael Ducote.  Mr. Ducote, in turn, is a resident of Florida who intends to remain there indefinitely and so a citizen of Florida, and AM PM is likewise a citizen of Florida. AM PM may be served via its registered agent for service of process, Aaron Rubio, at 1 Glenlake Parkway, Suite 650, Atlanta, Georgia 30328.  AM PM is subject to the jurisdiction of this court and venue as to it is proper pursuant to 28 U.S.C. § 1391(b)(1) and (2).

10.

Defendant Gulflet Woodridge, LLC is a Delaware limited liability company with its principal place of business in Davie, Florida.  Upon information and belief, Gulflet's sole member is Gulflet Properties Partnership, LLC, a Florida LLC with its principal place of business in Davie, Florida, and whose members are Michael

Ducote and George H. Scholl.  Both Messrs. Ducote and Scholl, in turn, are residents

of Florida who intend to remain there indefinitely and so citizens of Florida, and

Gulflet is likewise a citizen of Florida.  Gulflet may be served via its registered agent

for service of process, Cogency Global, Inc., at 900 Old Roswell Lake Parkway,

Suite 310, Roswell, Georgia 30076.  Gulflet is subject to the jurisdiction of this court

and venue as to it is proper pursuant to 28 U.S.C. § 1391(b)(1) and (2).

11.

Defendant Ebony Crockton, both individually and as legal guardian and next

friend of minor "D.R.," is a citizen of North Carolina and a resident of and domiciled

in Mecklenburg County, North Carolina, and may be personally served at 2533

Century Oaks Lane, Charlotte, North Carolina 28262.  Crockton is subject to the

jurisdiction of this court and venue as to her is proper pursuant to 28 U.S.C. §

1391(b)(1) and (2).

12.

Defendant Rickie Weston is a citizen of Georgia and a resident of and

domiciled in DeKalb County, Georgia and may be personally served at 221 Habitat

Circle, Decatur, Georgia 30334 or at 4380 Reins Ridge, Stone Mountain, Georgia

30083.  Weston is subject to the jurisdiction of this court and venue as to him is

proper pursuant to 28 U.S.C. § 1391(b)(1) and (2).

13.

Plaintiffs files this action pursuant to the Federal Declaratory Judgment Act, 28 U.S.C. § 2201 *et seq*.

14.

The Court has subject matter jurisdiction pursuant to 28 U.S.C. § 1332(a)(1). There is complete diversity of citizenship between Auto-Owners and Defendants, and the amount in controversy exceeds $75,000, exclusive of costs.

15.

Venue is proper in the Atlanta Division of the United States District Court for the Northern District of Georgia.

**THE INSURANCE CONTRACT**

16.

Auto-Owners issued the Tailored Protection Policy, policy no. 202318-35800495-20, to "GULFLET WOODRIDGE LLC" for the policy period April 18, 2020 to April 18, 2021.  The Policy contemplates commercial general liability coverage with limits of $2 million aggregate and $1 million per occurrence.

17.

The Tailored Protection Policy further provides, in pertinent part:

**COMMERICIAL GENERAL LIABILITY COVERAGE FORM**

\*\*\*

- 6 -

## SECTION I – COVERAGES

## COVERAGE A – BODILY INJURY AND PROPERTY DAMAGE LIABILITY

**1.    Insuring Agreement**

**a.**    We will pay those sums that the insured becomes legally obligated to pay as damages because of "bodily injury" or "property damage" to which this insurance applies. We will have the right and duty to defend the insured against any "suit" seeking those damages. However, we will have no duty to defend the insured against any "suit" seeking damages for "bodily injury" or "property damage" **to** which this insurance does not apply. We may, at our discretion, investigate any "occurrence" and settle any claim or "suit" that may result.

\*\*\*

**b.**    This insurance applies to "bodily injury" and "property damage" only if:

**(1)**    The "bodily injury" or "property damage" is caused by an "occurrence" that takes place in the coverage territory;

**(2)**    The "bodily injury" or "property damage" occurs during the policy period; and

**(3)**    Prior to the policy period, no insured listed under Paragraph **1**. Of Section **II** – Who Is An Insured and no "employee" authorized by you to give or receive notice of an "occurrence" or claim knew that the "bodily injury" or "property damage" had occurred, in whole or in part ….

\*\*\*

## SECTION II – WHO IS AN INSURED

*\*\*\**

**b.** Any person (other than your "employee" or "volunteer worker"), or any organization while acting as your real estate manager.

**\*\*\***

## SECTION IV – COMERCIAL GENERAL LIABILITY CONDITIONS

**2.** **Duties In The Event Of Occurrence, Offense Claim Or Suit**

**a.** You must see to it that we are notified as soon as practicable of an "occurrence" or an offense which may result in a claim. To the extent possible, notice should include:

**(1)** How, when and where the "occurrence" or offense took place;

**(2)** The names and addresses of any injured person and witness; and

**(3)** The nature and location of any injury, or damage arising out of the "occurrence" or offense.

**b.** If a claim is made or "suit" is brought against any insured, you must:

**(1)** Immediately record the specific of the claim or "suit"" and the date received; and

**(2)** Notify us as soon as practicable.

You must see to it that we receive written notice of the claim or "suit" as soon as practicable.

**c.** You and any other involved insured must:

**(1)** Immediately send us copies of any demands, notices, summonses or legal papers received in connection with the claim or "suit";

**(2)** Authorize us to obtain records and other information;

**(3)** Cooperate with us in the investigation or settlement of the claim or defense against the "suit"; and

**(4)** Assist us, upon our request, in the enforcement of any right against any person or organization which may be liable to the insured because of injury or damage to which this insurance may also apply.

**d.** No insured will, except at that insured's own cost, voluntarily make a payment, assume any obligation or incur any expense, other than for first aid, without our consent.

## THE INCIDENT, THE UNDERLYING ACTION, AND THE INSUREDS' FAILURE TO COOPERATE

18.

The Underlying Plaintiffs filed the Underlying Action on February 17, 2021 against Gulflet and AM PM Partners, as well as multiple John Doe Defendants.

19.

Underlying Plaintiff Crockton asserts claims both on behalf of herself and on behalf of her minor child, "D.R."

20.

The Underlying Plaintiffs allege that they were walking through a stairwell and/or breezeway at the Property on May 5, 2020 when the concrete flooring beneath them collapsed, injuring them.

21.

The Underlying Plaintiffs allege that Gulflet and/or AM PM Partners owned and/or managed the Property.

22.

The Underlying Plaintiffs state counts for negligence and seek unspecified special and general damages, as well as punitive damages and attorneys' fees and expenses.

23.

As discovery in the Underlying Action progressed, AM PM and Gulflet, which share ownership, refused to cooperate with respect to the defense of those entities, including, but not limited to, through the conduct of both Michael Ducote and Aaron Rubio, who refused to meet with or communicate with defense counsel retained by Auto-Owners' on their behalf with respect to depositions, refused to appear for depositions, and who also destroyed evidence and refused to turn requested documents and/or evidence over to defense counsel as requested.

24.

The conduct of Ducote and Rubio on behalf of Gulflet and AM PM Partners directly resulted in the entry of the Sanctions Order.

25.

In the Sanctions Order, the Court in the Underlying Action specifically found that the Underlying Plaintiffs had been "highly prejudiced by the failure to preserve … evidence" in the form of emails regarding inspections, repairs, and code violations at the Property, as well as relating to the investigation of the Incident, and described AM PM's conduct as "egregious" and "in bad faith."

**DECLARATORY JUDGMENT COUNT**

**THE INSUREDS' FAILURE TO COOPERATE
IN THE DEFENSE OF THE UNDERLYING ACTION
BARS COVERAGE UNDER THE TAILORED PROTECTION POLICY**

26.

Plaintiff repeats and realleges the foregoing paragraphs as if fully set forth herein.

27.

Section IV of the Policy, "**COMMERCIAL GENERAL LIABILITY CONDITIONS**," provides at Part 2., "**Duties In The Event Of Occurrence, Offense, Claim Or Suit**," in relevant part, that any insured must "[c]ooperate with us in the investigation or settlement of the claim or defense against the 'suit' …."

28.

This provision imposes a condition precedent to coverage under Georgia law and is enforceable.

29.

The conduct of AM PM and Gulflet, including through the actions of Ducote and Rubio, and which has resulted in the entry of the Sanctions Order, have prejudiced Auto-Owners in connection with the defense of the Underlying Action and violated the terms of Section IV, Part 2 of the Tailored Protection Policy.

30.

Coverage is therefore unavailable under the Tailored Protection Policy as to AM PM and Gulflet, and Auto-Owners respectfully requests a judicial declaration to that effect.

WHEREFORE, Plaintiff respectfully requests that this Court (1) enter a Declaratory Judgment in favor of Auto-Owners' declaring that the conduct of AM PM and Gulflet in destroying evidence violates the cooperation provisions of the Tailored Protection Policy, such that coverage is unavailable to both AM PM and Gulflet in the Underlying Action; (2) grant a trial by jury; and (3) award such other and further relief as this Court deems just and proper.

Respectfully submitted this 27th day of August, 2024.

**KERSHAW WHITE LLC**


**/s/ Jeffrey A. Kershaw**
5881 Glenridge Drive, Suite 100      **JEFFREY A. KERSHAW**
Atlanta, Georgia 30328               Georgia Bar No. 159054
470-443-1100 main phone
470-344-0958 direct dial             ***Counsel for Plaintiff Auto-Owners***
404-748-1179 fax                     ***Insurance Company***
*Jeff.Kershaw@kershawwhite.com*